IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNITA WIDEMAN, )
        Plaintiff, )
)
vs. ) Civil Action No. 08-1331
) Magistrate Judge Amy Reynolds Hay
MONTEREY FINANCIAL SERVICES, )
INC., )
        Defendant. )

## MEMORANDUM OPINION

HAY, Magistrate Judge

### Factual and Procedural Background

Plaintiff Bernita Wideman ("Wideman") commenced this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et seq., alleging that defendant Monterey Financial Services, Inc. ("MFS"), a debt collection agency, sent her two e-mails regarding her delinquent loan without identifying itself as a debt collector; threatened to file a 1099 C form with the IRS; and left a message with her administrative assistant in violation of the statute. Wideman alleges that as a result of these illegal collection activities, she has suffered "anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, as well as unjustified and abusive invasions of personal privacy." Complaint ¶ 18.

MFS has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that, with the exception of one section, Wideman's claims fail to contain sufficient averments from which it could be concluded that MFS's conduct violated the FDCPA.

### Standard of Review

The United States Supreme Court has recently held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to

relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the long-adhered to 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In assessing the sufficiency of the complaint, the Court must accept as true all allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Public Employees' Retirement System v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. The question is not whether the plaintiff will prevail in the end but, rather, is whether the plaintiff is entitled to offer evidence in support of his or her claims. See Oatway v. American International Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003).

Discussion

In her complaint, Wideman alleges that MFS violated the following sections of the FDCPA: § 1692c(b), § 1692d, § 1692d(1), § 1692e, § 1692e(5), § 1692e(8), § 1692e(10), § 1692e(11), and § 1692f. MFS concedes that Wideman has properly stated a claim under § 1692e(11), and Wideman concedes that §§ 1692d, 1692d(1), 1692e(8) and 1692f are properly dismissed. As such, only Wideman's claims brought under §§ 1692c(b), 1692e, 1692e(5), and 1692e(10) remain at issue.

Section 1692c(b) of the FDCPA provides:

**(b) Communication with third parties**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). Thus, the FDCPA prohibits debt collectors from communicating with third parties regarding the debtor's debt without the consumer's consent.

Wideman has alleged in the complaint that MFS violated § 1692c(b) when it left a message with her administrative assistant on February 26, 2008, regarding Wideman's debt. Complaint ¶ 16. The extent of the message is reflected in an e-mail Wideman received from her administrative assistant dated February 26, 2008, which states, "Call MCS at 877.775.3091 ex. 1032." Complaint, Exh. C.

MFS argues that Wideman has failed to state a claim under this provision of the FDCPA, because the communication of which Wideman complains contains no information which would permit the third party to conclude that it concerned the collection of a debt.

The statute, however, defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Thus, the fact that the word "debt" may not have been mentioned is not fatal to Wideman's claim if information regarding Wideman's debt was nevertheless *indirectly* conveyed to her administrative assistant.

3

Here, it appears clear from the e-mail that MFS, in an effort to collect the debt owed by Wideman, made contact with a third party; that MFS left a message with the third party which was to be conveyed to Wideman; that the subject of MFS's business with Wideman regarded "CASH CALL," which is apparently the original creditor on the loan; that the information conveyed included who Wideman was to contact and a telephone number to call; and that the purpose of leaving the message was so that Wideman would return the call to discuss the debt. Moreover, the e-mail is categorized as "URGENT" and given "High" importance. See Complaint ¶ 10.

Viewed in the light most favorable to Wideman, it can be inferred from these allegations that MFS indirectly conveyed information regarding Wideman's debt to her administrative assistant. Indeed, the majority of courts that have addressed the issue have found that messages left with third parties like the one left with Wideman's administrative assistant were communications under the FDCPA.[1] See Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"); Thomas v. Consumer Adjustment Co. Inc., 579 F. Supp. 2d 1290, 1296-97 (E.D. Mo. 2008) (rejecting the defendant's argument that the telephone call in question was not a "communication" under the FDCPA because no information regarding the debt was imparted); Ramirez v. Apex Financial

---

[1] Moreover, the e-mail attached to the complaint conveys only the information Wideman's administrative assistant provided to her after taking the message from MFS's representative and does not necessarily impart everything that was conveyed to the administrative assistant during the conversation.

Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) (finding that the message was an indirect communication regarding the plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so); Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643, 654-60 (S.D.N.Y. 2006) (holding that the telephone message advising the debtor that the matter required immediate attention and provided a specific telephone number to call to discuss the matter was a communication "given the obvious purpose of the message was to provide the debtor with enough information to entice a return call ...."); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the messages left by the defendant constituted "communications" even though they did not technically mention specific information about the debt); West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998) (finding that the defendant's contact with a third party in relation to the plaintiff's debt was a communication under § 1692a(2) and sufficient to state a claim under § 1692c(b) since it was not left for the purpose of obtaining location information which is the only communication with third parties permissible under the FDCPA); Belin v. Litton Loan Servicing, LP, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call). But see Horkey v. J.V.D.B. & Associates, Inc., 179 F. Supp. 2d 861, 868 (N.D. Ill. 2002), aff'd, 333 F.3d 769 (7th 2003) (finding that there can be no liability under § 1692c(b) where there is no discussion of the debt); Biggs v. Credit Collections, Inc., 2007 WL

4034997 at *4 (W.D. Okla. Nov. 15, 2007) (same). As such, plaintiff has set forth a plausible claim under § 1692c(b).

Wideman also alleges that MFS's actions violated §§ 1692e(5) and (10) of the FDCPA, which provide:

> **§ 1692e. False or misleading representations**
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>         \*    \*    \*
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
>         \*    \*    \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Wideman's claims are apparently premised on MFS's representation in an e-mail regarding the filing of a 1099 C form with the Internal Revenue Service ("IRS"). Specifically, an e-mail sent to Wideman dated February 25, 2008, MFS states:

> As you know, several months ago Monterey Financial Services purchased your Cash Call Loan. To date, we have not heard from you regarding repayment of your delinquent loan. Please be advised that we have not filed a 1099 C form with the IRS concerning this debt as of yet. It is imperative that you contact this office immediately to make payment arrangements to prevent further action in relation to the recovery of this loan.

Complaint, Exh. A. Wideman contends that these statements constitute a threat in violation of § 1692e(5) because the "least sophisticated consumer" would read this e-mail and think that if he or she did not contact MFS immediately, it would file 1099 C form with the IRS.[2]

MFS argues that this claim is properly dismissed because under 26 U.S.C. § 6050P, it is required to file a 1099 C form and, thus, doing so cannot be deemed illegal.

Wideman does not dispute that, to the extent she has alleged that MFS's conduct was illegal, see Complaint ¶ 14, her claim is properly dismissed, but argues that MFS's argument overlooks the second clause of § 1692e(5), which states that it is also a violation of the FDCPA to threaten to take any action that "is not intended to be taken." Id. The court agrees. Because Wideman has specifically alleged in the complaint that "MFS did not intend to file a 1099 C with the IRS," she has properly stated a claim under § 1692e(5). See Complaint ¶ 15.[3]

Wideman also contends that MFS's actions violated § 1692e(10) of the FDCPA, which as previously discussed, prohibits debt collectors from using false representations or deceptive means to collect a debt. Although, contrary to her assertion, Wideman has not specifically alleged in the complaint in what manner Wideman's e-mail was false or deceptive,

---

[2] Because the FDCPA is a remedial statute, the Court of Appeals for the Third Circuit has found that its language is to be construed broadly and that "communications from lenders to debtors should be analyzed from the perspective of the 'least sophisticated debtor'" and/or consumer. Brown v. Card Service Center, 464 F.3d 450, 453-54 (3d Cir. 2006).

[3] MFS also argues in its reply brief that because filing a 1099 C form is mandatory, its intention is somehow irrelevant to the analysis. It appears undisputed, however, that a 1099 C form is only issued when the debt is forgiven, which MFS has not indicated it intended to do or has done. Moreover, MFS represented to Wideman in another e-mail that "[r]eporting of the 1099 to the IRS is done at our discretion on a case by case basis." Complaint, Exh. B. Thus, regardless of the what the IRS may require when, and if, a debt is forgiven, it does not negate the fact that Wideman has properly stated a claim under § 1692e(5).

she appears to base her claim on the fact that MFS allegedly had no intention of filing a 1099 C form with the IRS yet implied that it would do so.

Relying on Dutton v. Wolhar, 809 F. Supp. 1130, 1140 (D. Del. 1992)("Dutton"),[4] in which the court found that "a mere reallegation of violations of other sections of the FDCPA is not sufficient to constitute a violation of § 1692e(10)," MFS argues that § 1692e(10) is simply a "catch-all" provision and does not provide an independent basis for claims addressed by other subsections of § 1692e. Because Wideman has already alleged violations of subsections (8) and (11) of § 1692e, MFS contends that Wideman's claims under subsection (10) are duplicative and properly dismissed.

As previously noted, however, Wideman has conceded that her claim brought under § 1692e(8) is properly dismissed, and her claim under subsection (11) is based on MFS's alleged failure to identify itself as a debt collector in its e-mails.[5] See Complaint ¶¶ 11, 13. Thus, Wideman's claim under § 1692e(10), which revolves around the veracity of MFS's statements regarding the filing of a 1099 C form with the IRS, is based on independent facts and does not appear to be a "reallegation" of her claim brought pursuant to subsection (11).

---

[4]Although MFS has indicated that Dutton was affirmed by the Court of Appeals for the Third Circuit, the appellate opinion to which it cites appears to be an appeal from another case filed by Mr. Dutton and not the case upon which MFS relies. See Dutton v. Wolpoff and Abramson, 5 F.3d 649, 652 n.1 (3d Cir. 1992).

[5]Section 1692e(11) provides:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

It nevertheless appears that Wideman's § 1692e(10) claim is premised on the same underlying factual allegation as her claim brought under 1692e(5), i.e., MFS's threat of filing a 1099 C form that it did not intend to file.

Wideman, however, has not addressed MFS's argument that her claim brought under subsection(10) should be dismissed because it is merely a "reallegation" of another claim brought under § 1692e, nor has Wideman otherwise provided the court with a legal or factual basis for proceeding under both subsections. Indeed, the extent of Wideman's opposing argument consists of two sentences in which she states that, "[t]he complaint alleges MFS used a false representation or deceptive means to collect or attempt to collect a debt," and then concludes that "MFS violated 15 U.S.C. § 1692e(10)." Pl.'s Brief, p. 4. As previously pointed out, however, nowhere in the complaint has Wideman specifically alleged that MFS used a false representation or deceptive means to collect or attempt to collect a debt. More importantly, whether or not MFS violated subsection (10), does not alter the fact that Wideman's claim is adequately addressed under subsection (5) as it is predicated on the same facts. Under these circumstances, Wideman's claim brought pursuant to § 1692e(10) is properly dismissed. See Dutton, 809 F. Supp. at 1140.

Finally, MFS argues that Wideman has otherwise failed to state a claim under § 1692e because the cited language in the e-mail is neither threatening nor false. MFS contends that to conclude, as Wideman has done, that the "least sophisticated consumer" would interpret the e-mail message as indicating the MFS would file a 1099 C form with the IRS if Wideman did not immediately contact MFS "ignores the fact that the message neither says nor implies that MFS would do so." Def. Reply Brief, p. 2.

9

While the court agrees that the e-mail does not expressly state that MFS *will* file a 1099 C form, the statement, "we have not filed a 1099 C form with the IRS concerning this debt *as of yet*," certainly implies that filing the form is a very real possibility. Moreover, the sentence that follows states: "It is imperative that you contact this office immediately to make payment arrangements *to prevent further action* in relation to the recovery of this loan." Complaint, Exh. A. When these sentences are read in conjunction with each other, it appears reasonable to infer that unless Wideman contacted MFS immediately further action in the form of filing a 1099 C form would be taken. Indeed, MFS has acknowledged that "further action" could include filing a 1099 C form. See Def. Reply Brief, p. 2. Under these circumstances, it appears that Wideman has sufficiently alleged that MFS made misleading and/or intimidating statements to Wideman and, thus, has stated a claim under § 1692e. See Brown v. Card Service Center, 464 F.3d at 455 (Finding that the defendant's letter in which it informed the plaintiff that refusal to cooperate *could* result in a legal suit being filed or in the account being forwarded to the defendant's attorney for collection, was sufficient to state a claim under § 1692e).

Conclusion

For these reasons, defendant's motion to dismiss is granted as to plaintiff's claims brought pursuant to sections 1692d, 1692d(1), 1692e(8), 1692e(10) and 1692f of the FDCPA, and denied in all other respects. An appropriate order follows.

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Date: 7 May, 2009

cc: Counsel of Record via CM-ECF