IN THE UNITED STATES DISTRICT COURT
for the WESTERN DISTRICT OF PENNSYLVANIA
(Honorable Amy Reynolds Hay, J., Presiding)

| | | |
|---|---|---|
| **BERNITA WIDEMAN** | : | |
|     Plaintiff | : | NO. 08-CV-1331 (ARH) |
| v. | : | |
| | : | |
| **MONTEREY FINANCIAL SERVICES, Inc.** | : | |
|     Defendant | : | |

**DEFENDANT'S ANSWER and AFFIRMATIVE DEFENSES**

The Defendant, by and through its undersigned counsel, hereby answers the within Complaint as follows :

1. through 7. are ADMITTED.

8. ADMITTED that the specific acts cited by the Plaintiff in the Complaint took place on or about the dates stated; otherwise denied.

9. ADMITTED.

10. ADMITTED.

11. DENIED.

12. The e-mail is admitted genuine.

13. DENIED.

14. DENIED.

15. DENIED.

16. The e-mail is admitted genuine.

17. DENIED. By way of further response, the Plaintiff's claims pursuant to 15 U.S.C. §§1692d, 1692d(1), 1692e(8), 1692e(10) and 1692f were dismissed, by Order of the Court dated May 8, 2009.

18. DENIED.

**WHEREFORE**, the Defendant demands judgment in its favor.

## AFFIRMATIVE DEFENSES

19. The Plaintiff's claims are barred, in whole or in part, by the Statute of Limitations.

20. The Plaintiff's claims are barred, in whole or in part, by her failure to dispute the amount claimed due on the account herein at issue.

21. The Plaintiff's claims are barred by the Statute of Frauds.

22. The Plaintiff was actually indebted on the account herein at issue.

23. The Plaintiff's Complaint fails to state claims on which relief may be granted.

24. The Plaintiff has failed to mitigate her damages.

25. The Plaintiff's recovery is barred by her own actions.

26. The Plaintiff's recovery is barred, in whole or in part, by the doctrine of waiver.

27. The Plaintiff's recovery is barred, in whole or in part, by the doctrine of laches.

28. The Plaintiff's recovery is barred, in whole or in part, by the doctrine of estoppel.

29. The Plaintiff's recovery is barred, in whole or in part, by the parol evidence rule.

30. The Plaintiff has suffered no actual damages.

31. The Plaintiff has suffered no compensable damages.

32. The Plaintiff authorized the Defendant to communicate with her by e-mail by providing her e-mail address, and is thus estopped from complaining that the Defendant did so.

33. The Defendant's communications herein at issue were neither false nor misleading.

34. If the Plaintiff suffered any damages (which is denied), those damages were caused in whole or in part, by the acts or omissions of the Plaintiff herself, or by individuals or entities over which the Defendant has no control, no right of control and/or no responsibility.

35. The Defendant reserves the right to assert additional Affirmative Defenses at a later time.

**WHEREFORE**, the Defendant demands judgment in its favor.

Respectfully submitted,

**KAPLIN STEWART MELOFF REITER & STEIN, P.C.**

By:   /S/ William J. Levant
William J. Levant, Esquire
Attorneys for Defendant Monterey Financial Services, Inc.
910 Harvest Drive
Post Office Box 3037
Blue Bell, PA   19422
(610)260-6000
(610)684-2020 – Telecopier
wlevant@kaplaw.com